IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEISHAN MCGILBERT, | § | |
| TDCJ-CID NO.1710101, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-11-3105 |
| | § | |
| MONTGOMERY COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

While a state inmate, plaintiff Meishan McGilbert filed a civil rights suit pursuant to 42 U.S.C. § 1983, alleging that he was denied medical care while detained in the Montgomery County, Texas Jail. (Docket Entry No.1). Pending are defendants' motions for summary judgment (Docket Entries No.10, No.14), defendant's Tommy Gage's Motion to Dismiss (Docket Entry No.15), and plaintiff's Motion for Summary Judgment (Docket Entry No.19). For the reasons to follow, the Court will grant defendants' motions for summary judgment and dismiss this complaint with prejudice.

I. BACKGROUND

Plaintiff states the following events gave rise to the present complaint: He was arrested by the Oakridge, Texas Police Department. The Montgomery County and Harris County, Texas K-9 Units assisted in the arrest. Because plaintiff sustained serious dog bites, he was transported by police to Memorial Herman Hospital in the Woodlands. He was treated for his injuries and the wounds secured with fifty staples. Thereafter, he was taken to the Montgomery County Jail with instructions and a prescription from the hospital.

For six days, plaintiff received no medical treatment from jail personnel. Consequently, the wounds on his arm became infected. On September 7, 2008, plaintiff's wife

bonded him out of jail and took him immediately to another hospital, where he underwent emergency surgery to remove a blood clot from his arm. The surgery left permanent scarring and disfigurement to his arm. Because muscle tissue was removed, he is now partially disabled. (Docket Entry No.1, page 6).

Plaintiff seeks compensatory and punitive damages from defendants Sheriff Tommy Gage and the Montgomery County Sheriff's Department on the following grounds:

1. Sheriff Tommy Gage would not allow officers and staff to give plaintiff medical treatment; and,

2. The Montgomery County Justice Center Medical Department did not give plaintiff antibiotics or allow dressing changes to his injured arm.

Plaintiff names also Officer Brandon Rogers and the Oak Ridge Police Department as defendants in this case but he states no facts giving rise to a claim against them. (Docket Entry No.1, page 3).

Defendant Brandon Rogers moves for summary judgment on the ground that he is entitled to qualified immunity. (Docket Entry No.10). Defendant Tommy Gage moves for summary judgment on the following grounds:

1. Plaintiff did not exhaust his administrative remedies before filing suit;

2. Gage is entitled to qualified immunity from suit; and,

3. Gage cannot be held vicariously liable for the acts of medical staff under a theory of *respondeat superior*.

(Docket Entry No.14).

Although styled as a motion for summary judgment, plaintiff's motion is a restatement of his claims against defendants. (Docket Entry No.19).

## II.     DISCUSSION

### A.     Review Under 28 U.S.C. §1915A and 1915(e)(2)(B)

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is 'plausible' on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*.

1.      Jural Capacity

Plaintiff seeks relief from the Oak Ridge Police Department, the Montgomery County Justice Center's Medical Department, and the Montgomery County Sheriff's Department. (Docket Entry No.1).

The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). To sue a department of a city, that department must enjoy a separate legal existence. *Id.* Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.* A department of county government cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority." *Id.* at 313-14.

The plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Id.* at 314. Plaintiff, however, has failed to allege or demonstrate that such defendants are separate legal entities having jural authority. Accordingly, plaintiff's claims against the Oak Ridge Police Department, the Montgomery County Justice Center's Medical Department, and the Montgomery County Sheriff's Department are subject to dismissal as legally frivolous or for failure to state a claim under 28 U.S.C. §1915A, 1915(e)(2)(B).

2.      Municipal Liability

To the extent that plaintiff seeks relief against Montgomery County, Texas, or the City of Oak Ridge North, he fails to state an actionable claim against either entity. Montgomery County and the City of Oak Ridge North, as a local government entities, are liable to plaintiff in this instance only if an official policy maker promulgated or adopted a policy that was the

4

'moving force' that caused one of its employees to violate plaintiff's constitutional rights.[1] *Monell v. Dep't of Soc. Svcs*, 436 U.S. 658, 690 (1978). To invoke municipal liability under *Monell*, a plaintiff must first establish that an employee of the local governmental entity violated his constitutional rights. In the absence of a constitutional violation, the question of municipal liability is moot. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). As discussed *infra*, plaintiff has failed to allege facts giving rise to a constitutional violation by Sheriff Tommy Gage, Officer Brandon Rogers, or other defendants. Moreover, he has not alleged that either defendant was acting in accordance with a municipal policy or custom. Therefore, any claim against Montgomery County, Texas or the City of Oak Ridge North are subject to dismissal under 28 U.S.C. §§1915A, 1915(e)(2)(B).

B. <u>Summary Judgment</u>

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*,

---

[1] A custom or policy can stem from a policy statement formally announced by an official policymaker. *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 168 (5th Cir. 2010). Alternatively, a custom or policy can be demonstrated through a "'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Id.* at 168–69 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). "It is not enough that an illegal custom exist; municipal policymakers, who are the persons capable of subjecting a municipality to liability, must be chargeable with awareness of the custom." *Milam v. City of San Antonio*, 113 Fed. App'x 622, 626 n. 3 (5th Cir. 2004). "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow*, 614 F.3d at 169 (citing *Webster*, 735 F.2d at 842).

5

18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### 1. Exhaustion of Administrative Remedies

Defendant Montgomery County Sheriff Tommy Gage seeks summary judgment because plaintiff did not exhaust his administrative remedies before filing this suit. (Docket Entry No.14, pages 2-3). Section 1997e(a) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. *Booth*, 532 U.S. at 739. Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Defendant Gage's summary judgment proof shows that the Montgomery County Jail Inmate Grievance Plan has a two-step grievance process, which plaintiff has utilized on another occasion. (Docket Entries No.14-1, pages 1-3; No.14-4, page 1). The record shows, and plaintiff concedes, that he has not exhausted the grievance procedure available at the Montgomery County Jail. (Docket Entry No.1, page 3). By failing to exhaust administrative remedies, plaintiff deprived Sheriff Gage and other personnel the opportunity to investigate and

address complaints internally. *See Porter*, 534 U.S. at 525. Accordingly, plaintiff's claims against Sheriff Gage and the Montgomery County Justice Center's Medical Department regarding the denial of medical care during his detention in the Montgomery County Jail are subject to dismissal for non-exhaustion.

## 2. Qualified Immunity

Defendants Brandon Rogers and Sheriff Tommy Gage contend that qualified immunity bars plaintiff's suit against them for monetary damages. (Docket Entries No.10, No.14).

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 199-200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). The Court has discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A pretrial detainee's denial of adequate medical care claims flow from the procedural and substantive due process clause of the Fourteenth Amendment. *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). The Fifth Circuit applies the same standard for assessing constitutional claims of denial of medical care to pretrial detainees under the

Fourteenth Amendment as it does for denial of medical care to convicted inmates under the Eighth Amendment. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference requires a showing of unnecessary and wanton infliction of pain; *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999); that rising "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). A prison official may not be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Id*. at 838. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of that risk. *Id.*

"Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A plaintiff must allege and raise a fact issue as to whether prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Neither claims of negligence nor disagreement with the type of medical care received rise to the level of a constitutional issue under section 1983. *Gobert*, 463 F.3d at 346.

### i. Officer Brandon Rogers

Plaintiff does not state any facts giving rise to a claim against defendant Brandon Rogers in his original complaint. (Docket Entry No.1, page 3). In his motion for summary judgment, plaintiff alleges that Rogers was given paperwork from the emergency room physician that included discharge instructions and prescriptions for antibiotics. (Docket Entry No.19, page 2). Plaintiff attached to his complaint a copy of his bill from the hospital where he was treated, which includes charges from the pharmacy, a prescription for an antibiotic, and two prescriptions for pain medication. (Docket Entry No.1, pages 20, 23). Plaintiff does not allege that Brandon failed to give the documents to officials at the jail.

Officer Rogers attests to the events that led up to plaintiff's arrest on August 31, 2009, which included a high speed pursuit of plaintiff's vehicle, a chase on foot, and the use of a canine to track plaintiff through a wooded area. (Docket Entry No.10-1, page 1). Rogers confirms that the K-9 police dog bit plaintiff on his upper right arm, causing several puncture wounds. (*Id.*). He attests that "[i]mmediately after the Plaintiff was apprehended and secured in custody, an EMS unit was called to the scene to treat McGilbert's bite wounds. Paramedics cleaned and dressed the wounds." (*Id.*). Rogers then transported plaintiff to the Woodlands Herman Memorial Hospital emergency room for additional treatment. (*Id.*). After plaintiff's injuries were treated by medical personnel, Brandon transported plaintiff to the MCSO Jail, where jailors assumed custody over plaintiff. Brandon attests that he "had no further involvement with McGilbert." (*Id.*).

Plaintiff proffers nothing to contravene Rogers's affidavit and nothing to show that Rogers acted with deliberate indifference to his serious medical needs. Accordingly, Rogers is entitled to summary judgment.

ii. <u>Sheriff Tommy Gage</u>

In his original complaint, plaintiff alleges that Sheriff Gage would not allow officers and staff to give any medical attention to his dog bite wounds. (Docket Entry No.1, page 3). Plaintiff also alleges that the Montgomery County Justice Center's Medical Department did not give him any antibiotics or allow dressing changes to his injured arm. (*Id.*).

Even if plaintiff had exhausted his administrative remedies, he fails to plead any facts to show that Sheriff Gage was aware of plaintiff's wounds or that he ordered staff to deny plaintiff medical attention for such wounds. Gage attests that plaintiff did not alert him or other staff by grievance or otherwise that his wounds were not being treated properly. (Docket Entry No.14-5, page 1). Gage further attests that he had no personal participation in plaintiff's arrest or medical treatment or any input into his medical care during his confinement in the Montgomery County Jail. (*Id.*).

To state a cause of action under section 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff has alleged no such facts.

Although a supervisor cannot be held liable on the basis of *respondeat superior*, "[a] supervisory official may be held liable under § 1983 for the wrongful acts of a subordinate when the supervisory official breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (quoting *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)). Plaintiff, however, states no facts that would give rise to a claim that Sheriff Gage breached a duty of care, for which he might be held liable as supervisor.

Likewise, plaintiff proffers nothing to contravene the affidavit of Dr. Edsel West that plaintiff's medical records do not show that Sheriff Gage issued any order regarding plaintiff's medical treatment or that the Montgomery County Jail received any prescriptions or paperwork from the hospital that treated plaintiff for the dog bite wound. (Docket Entry No.14-6, pages 2-3). West also attests that plaintiff's records show that his wounds were cleaned and dressed on four consecutive days before he bonded out of jail. (*Id*., page 2).

Accordingly, plaintiff fails to raise a genuine fact issue showing that Sheriff Gage or the Montgomery County Justice Center's Medical Department acted with deliberate indifference to his serious medical needs.

### 3. Punitive Damages

Likewise, plaintiff's pleadings do not reflect any facts to show that the conduct of any defendant was motivated by evil intent or a criminal indifference that would entitle him to punitive damages. *See Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003) (noting standard requires "a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations"). Plaintiff, therefore, is not entitled to punitive damages.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Defendant Tommy Gage's Motion for Leave to File First Amended Answer (Docket Entry No.12) is GRANTED.

2. Plaintiff's claims against the Oak Ridge Police Department, the Montgomery County Justice Center's Medical Department, and the Montgomery County Sheriff's Department are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915A, 1915(e)(2)(B). Any claim against Montgomery County, Texas or the City of Oak Ridge North, Texas are also DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§1915A, 1915(e)(2)(B).

11

3. The motions for summary judgment filed by Defendants Brandon Rogers (Docket Entry No.10) and by Tommy Gage (Docket Entry No.14) are GRANTED.

4. Plaintiff's motion for summary judgment (Docket Entry No.19) is DENIED.

5. Defendant Tommy Gage's motion to dismiss (Docket Entry No.15) is DENIED, AS MOOT.

6. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

7. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 20th day of February, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE